IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VALMIKI D. RAMANI,<br><br>        Plaintiff,<br>  v.<br>CD BABY,<br><br>        Defendant. | Case No.: 3:23-cv-00829-AN<br><br>ORDER TO SHOW CAUSE |

*Pro se* plaintiff Valmiki D. Ramani has filed a complaint, as well as an Application to Proceed *In Forma Pauperis* ("IFP"). Plaintiff's IFP application is hereby GRANTED. Further, plaintiff is ordered to show cause in writing by August 11, 2023, why the Complaint should not be dismissed for failure to state a claim and for lack of subject matter jurisdiction. Alternatively, plaintiff may file an amended complaint by that date curing the defects outlined below.

## LEGAL STANDARD

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim for relief, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although detailed factual allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

*Pro se* litigants' pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, a *pro se* litigant's pleadings

must still meet "some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

In his complaint, plaintiff alleges that "[d]efendant was employed to distribute musical work" and that "[d]efendant violated and breached agreement and gave a song to Youtube that they wanted so that they may promote through advertisement on said song for the platform of Tick Tock [*sic*]." Plaintiff further alleges that he "made it clear [he] did not want [his] material on Youtube." Plaintiff alleges that this constitutes "breach of contract, theft of intellectual property, for company's gain." Plaintiff seeks $75,000.01 in compensatory and punitive damages. Even liberally construed, plaintiff's complaint suffers from numerous deficiencies.

First, construing the complaint liberally, plaintiff appears to allege that diversity jurisdiction exists, because plaintiff and defendant are citizens of different states and plaintiff alleges that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party seeking to invoke diversity jurisdiction bears the burden of pleading and proving that diversity jurisdiction exists. N*ewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). The amount in controversy is determined from the face of the pleadings. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

Plaintiff's complaint contains no specific allegations regarding how the amount in controversy is $75,000.01. Plaintiff alleges that defendant received ad revenue from his song on Youtube but provides no factual allegations to establish the purported amount of revenue. Plaintiff has provided copies of a credit card account statement detailing eleven charges from CD Baby at $14.95 per charge. At best, this would equal $164.45, which is far from the $75,000.01 alleged by plaintiff. From the face of the pleadings, this Court can determine that plaintiff would be entitled to, at most, $164.45 for his alleged claims which is insufficient to invoke diversity jurisdiction.

Second, plaintiff alleges that defendant breached their contract by posting one of his songs on Youtube. To bring a breach of contract claim under Oregon law, a plaintiff must establish (1)

the existence of a contract; (2) the relevant terms of the contract; (3) plaintiff's full performance and lack of breach; and (4) defendant's breach resulting in damage to plaintiffs. *Rapacki v. Chase Home Finance LLC*, No. 3:11-cv-00185-HZ, 2012 WL 1340119 at *7 (D. Or. Apr. 17, 2012). Plaintiff has provided no evidence of the existence of a contract, nor has he provided relevant terms of the alleged contract that were violated. Indeed, plaintiff has provided no evidence that the song allegedly posted on Youtube was even a song that he submitted to CD Baby. Although plaintiff provides evidence that three other songs were submitted to CD Baby, there is no evidence to support the allegation that the song "Don't" was submitted to CD Baby. Additionally, plaintiff alleges "theft of intellectual property," but provides no statutory basis for this claim or even evidence that he possesses intellectual property rights, such as a copyright. Given the dearth of information regarding these claims, they are not plausible from the face of the pleadings.

The allegations in plaintiff's complaint do not sufficiently prove, from the face of the pleadings, that the amount in controversy exceeds $75,000. Further, the allegations in plaintiff's complaint do not "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor has plaintiff met the "minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil*, 66 F.3d at 199.

## CONCLUSION

For the reasons stated above, plaintiff's IFP application, ECF [2], is GRANTED. The court orders plaintiff to show cause in writing by August 11, 2023, why the Complaint should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief. Alternatively, plaintiff may file an amended complaint curing the defects outlined above by that date.

IT IS SO ORDERED.

DATED this 12th day of July, 2023.

Adrienne Nelson
United States District Judge